UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN NELSON, | No. 2:17-cv-00819 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY, et al., | |
| Defendants. | |

On June 21, 2017, the court held a hearing on defendant San Joaquin County's motion to dismiss this action for failure to state a claim. (ECF No. 6.) Plaintiff appeared pro se, and defendant was represented by Erin Sakata. Plaintiff opposed the motion to dismiss and filed supplemental authority at the conclusion of the hearing. (ECF Nos. 8 & 11.) After arguments, the court took the matter under submission.

In his complaint, plaintiff asserts that defendants San Joaquin County, Sheriff Moore and Deputy Sheriff Mitchell violated his federal constitutional rights during an August 5, 2016 traffic stop. (ECF No. 1.) The complaint has been served on San Joaquin County ("the County") but no other defendant.

Plaintiff alleges that he was driving to a medical appointment on the afternoon of August 5, 2016 when Deputy Sheriff Mitchell conducted a traffic stop and asked him to provide photo identification and proof of registration. Plaintiff asserted that he was not required to do so, citing

1

"the exercise of Common Law Jurisdiction" and the Uniform Commercial Code. Deputy Mitchell asked plaintiff for the Vehicle Identification Number of the car he was driving. Plaintiff again refused. Mitchell stated that plaintiff was "acting nervous" and asked him for the car keys, which plaintiff surrendered "under duress." Deputy Mitchell handcuffed plaintiff, searched him for weapons, and directed him to sit on the front bumper of the car while a non-defendant female deputy watched him. Mitchell ascertained that plaintiff's car's registration had expired in 2014 and his driver's license had been expired for more than six months. When plaintiff contested these requirements, Deputy Mitchell informed plaintiff that he was required to follow California law. Deputy Mitchell then released plaintiff from the handcuffs, issued him a citation, and told plaintiff that his car was going to be towed and impounded. The female deputy drove plaintiff to the hospital for his doctor's appointment, which had to be rescheduled. Plaintiff asserts that defendants violated his rights under the Fifth Amendment, the Fourth Amendment, and 28 U.S.C. § 1983. (ECF No. 1.)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In its motion to dismiss, the County asserts that Deputy Mitchell was simply enforcing California laws requiring drivers to have a valid driver's license and proof of registration. Cal. Veh. Code §§ 12951(a), 4000(a)(1). Under state law, a sheriff's deputy is authorized to request a driver to present his license and vehicle registration for examination. Cal. Veh. Code §§ 12951(b), 4462(a). At the hearing on the motion, plaintiff cited Cal. Veh. Code § 260, which applies to commercial vehicles and is not relevant to this action. Plaintiff has not alleged any unlawful actions with respect to the officer's request for his license and registration.

The County asserts that Deputy's Mitchell's decision to stop and search the car was reasonable under the Fourth Amendment, as plaintiff was driving with an expired registration, refused to produce photo identification or proof of registration, and appeared "nervous" at Mitchell's routine requests for these documents. See Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 185 (2004) ("[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further."). Under the totality of the circumstances, plaintiff has not alleged a Fourth Amendment violation concerning the stop or search.

Plaintiff next challenges the County's impoundment of his car as unconstitutional. Under Cal. Veh. Code § 14602.6(a)(1), a peace officer may impound and seize a vehicle if the driver has a suspended or revoked license. A separate provision, § 22651(o)(1)(A), provides for a peace officer to remove a vehicle from a highway when its registration has been expired for more than six months, among other circumstances. As the Ninth Circuit recently noted, such warrantless seizures may be lawful pursuant to the community caretaking exception to the Fourth Amendment. Brewster v. Beck, slip op. No. 15-55479 at 6 (9th Cir. June 21, 2017), citing United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012). "Whether an impoundment is

warranted under this community caretaking doctrine depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th Cir. 2005); see Hallstrom v. City of Garden City, 991 F.3d 1473, 1477 n.4 (9th Cir. 1993) (officer's decision to have car towed from parking lot and impounded was consistent with community caretaking function and therefore reasonable). "The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." Miranda, 427 F.3d. at 865. On the facts alleged, plaintiff has not stated a claim that the towing and impoundment of his car violated his federal rights.

The County also contends that Deputy Mitchell did not violate plaintiff's rights under the Constitution or federal law so as to state a § 1983 claim, and that even if there were a constitutional violation, the doctrine of qualified immunity would shield defendant from liability. The County further asserts that plaintiff has not alleged that any County employee acted pursuant to a policy or custom that violated his federal constitutional rights.

In opposition to the motion to dismiss, plaintiff argues that he had a right to drive on a public street, was not required to have a valid driver's license under federal law, and was not bound to follow unconstitutional state laws. (ECF No. 8.) In supplemental authority, plaintiff cites California Assembly Bill 353, codified at Cal. Veh. Code § 2814.2(c), which prohibits the impoundment under § 14602.6 of vehicles stopped at sobriety checkpoints based on the fact that their drivers are unlicensed. As plaintiff does not allege he was stopped at a sobriety checkpoint, this provision is inapplicable. Plaintiff's citations to the Uniform Commercial Code, which concerns sales and commercial transactions, are also inapplicable to this action.

Based on the foregoing, the court concludes that plaintiff has not stated a cognizable claim against the County. However, plaintiff will be granted one opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2    make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
3    complaint be complete in itself without reference to any prior pleading.  This is because, as a
4    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
5    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6    longer serves any function in the case.  Therefore, in an amended complaint, as in an
7    original complaint, each claim and the involvement of each defendant must be sufficiently
8    alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Defendant San Joaquin County's motion to dismiss (ECF No. 6) is granted;

    2.  Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim; and

    3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / nelson0819.mtd

5